*pencil note* 727



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. E. Sutton
County Auditor
Anderson County
Palestine, Texas

Opinion No. O-5782
Re: Sufficiency of notice of
sheriff's sale under the
provisions of Article 7345b(9)
V.A.C.S.

Dear Sir:

In your letter of December 2, 1943, you enclosed a copy of a notice of sheriff's sale and inquired whether in the opinion of this department such notice complies with the provisions of Article 7345b(9) V.A.C.S. The Notice reads as follows:

### SHERIFF'S SALE

THE STATE OF TEXAS,

COUNTY OF ANDERSON.

By virtue of an Order of Sale issued out of the 3rd Judicial District Court of Anderson County, Texas, on a judgment rendered in said Court on the 12th day of July, 1941, in favor of the State of Texas for itself and for Anderson County, Texas, and for the use and benefit of Road District No. 8 of Anderson County, Texas, and in favor of the City of Palestine, Texas, as Impleaded Party Defendant, and against John Y. Gooch, Mrs. Gladys Henderson, a widow, and Mrs. Mabel G. Reed, a widow, in the case of the State of Texas against John Y. Gooch, Mrs. Gladys Henderson, a widow, and Mrs. Mabel G. Reed, a widow, and the City of Palestine, Texas, as Impleaded Party Defendant, No. 20,713 in such Court, I did on the 19th day of August, 1941, at 3:00 P. M. levy upon the following described tract or parcel of land situate in the County of Anderson, State of Texas, as

*ATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. E. Sutton, page 2

the property of said John Y. Gooch, Mrs. Gladys Henderson, a widow, and Mrs. Mabel G. Reed, a widow, to wit:

All that certain tract or parcel of land lying and being situated in the City of Palestine, County of Anderson, and State of Texas, and being a part of Block No. 10 of Larkin and Campbell's Addition to the City of Palestine, Texas, and more particularly described as follows:
Beginning on Reagan Street at the Northeast corner of lot now owned by J. T. Harris;
Thence Southerly with the East line of said Harris lot 95 feet more or less to the North line of lot formerly owned by C. W. L. Mickley;
Thence Easterly with the North line of said Mickley lot 40 feet;
Thence Northerly and parallel with the East line of said Harris lot 95 feet, more or less, to the South margin of Reagan Street;
Thence Westerly along the South line of Reagan Street to the place of beginning, being the same land conveyed by Mabel Gooch Reed, et vir., to John Y. Gooch, Jr., by deed dated August 1, 1919, recorded in Volume 125, at page 496, of the Anderson County Deed Records,

and on the 7th day of October, 1941, being the first Tuesday of said month, between the hours of 10 o'clock a. m. and 4 o'clock p. m. on said day, at the Court House door of said County, I did offer for sale and sell at public auction all the right, title and interest of the said John Y. Gooch, Mrs. Gladys Henderson, a widow, and Mrs. Mabel G. Reed, a widow, in and to said property to the State of Texas, for the sum of $1,323.82 and, said land not having been redeemed within the time prescribed by law, on the _____ day of _____, 1943, being the first Tuesday of said month, between the hours of 10 o'clock a. m. and 4 o'clock p. m. on said day, at the Court House door of said County, I will offer for sale and sell at public auction, for cash, all the right, title and interest of The State of Texas, Anderson County, Road District No. 8 of Anderson County, Texas, and

Honorable A. E. Sutton, page 3

the city of Palestine, Texas, in and to said property.

Dated at Palestine, Texas, this _____ day of

_____, 1943.

_____
Sheriff of Anderson County, Texas."

Where the State has purchased property at a tax sale and is holding title thereto for the benefit of itself and other taxing units, we have previously held in our opinion No. O-5056A, a copy of which is enclosed herewith, that if the State sells such property within six months from the expiration of the period of redemption, such sale must be made under the provisions of Article 7328, while if the sale is made after such period, it must be held in conformance with the provisions contained in the latter portion of Article 7345b(9).

Since the above quoted notice recites that the property is to be sold "on the _____ day of _____, 1943" and since the period of redemption expired on October 6, 1943, we assume that it is your intention to use this notice in connection with a sale to be held within six months after October 6, 1943, and, hence, that the sale will be held under the provisions of Article 7328.

With respect to the contents of the notice of sale, Article 7328 provides:

". . . If any of the land thus sold to the State is not redeemed within the time prescribed by this law, the sheriff shall sell the same at public outcry to

Honorable A. E. Sutton, page 4

the highest bidder for cash at the principal entrance to the court house in the county wherein the land lies, after giving notice of sale in the manner now prescribed for sale of real estate under execution, provided when notice is given by posting notices, one of the said notices shall be posted in a conspicuous place upon the land to be sold. Said notice shall contain a legal description of the land to be sold; the date of its purchase by the State, the price for which the land was sold to the State; that it will be sold at public outcry to the highest bidder for cash, date and place of sale. . . ."

We feel that the notice which you submitted meets the requirements of this Article, and that such notice is sufficient if your contemplated sale is to be held under the provisions of Article 7328.

Since we may be mistaken in our assumption that your sale is to be held within six months after October 6, 1943, and since the sale may possibly be delayed to a time beyond such period, we shall also discuss the sufficiency of this notice if the sale is to be held under the provisions contained in the latter portion of Article 7345b(9).

Insofar as here pertinent, Article 7345b(9) provides:

"Provided that if sale has not been made by such purchasing taxing unit before six months after the redemption period provided in Section 12 hereof has expired, it shall thereafter be the duty of the Sheriff upon written request from any taxing unit who has obtained a judgment in said suit, to sell said property at public outcry to the highest bidder for cash at the principal entrance of the courthouse in the county wherein the land lies, after giving notice of sale in the manner now prescribed for sale of real estate under execution. Said notice shall contain a legal description of the land to be sold, the date of its purchase by such purchasing taxing unit, the price for which the land was sold to such taxing unit, that

Honorable A. E. Sutton, page 5

it will be sold at public outcry to the highest bid-
der for cash, and the date and place of sale. All
sales contemplated herein shall be made in the man-
ner prescribed for the sale of real estate under exe-
cution, except that they must be made between the
hours of 2 o'clock P. M. and 4 o'clock P. M., . . ."

This Article permits sales only between the hours of
2 o'clock p.m. and 4 o'clock p.m., but the above notice states
that the sale will be made between the hours of 10 o'clock a.m.
and 4 o'clock p.m. That this discrepancy may be highly mater-
ial is illustrated by the case of Grace v. Garnett, 38 Tex. 156,
where, after a lower court had excluded evidence tending to
prove that a public sale was held outside the prescribed hours,
the Supreme Court spoke as follows:

"In Howard v. North, 5 Texas 310, this court
said: '.here the time and place of a public sale
are prescribed by law, the sheriff has no authority
to sell at any other time or place; and should he
do so, his acts are not merely irregular, but void,
and confer no title.'

"The law prescribed that judicial sales should
be made on the first Tuesday of the month, between
the hours of 10 A.M. and 4 P. M.

"We think the court erred in ruling out the
plaintiff's evidence . . . .

"If ministerial officers are allowed to delay
their sales beyond judicial hours, or sell at an
hour earlier than that appointed by law, such a
practice might give rise to favoritism and fraud.
And if, in addition to the fact that a sale has
been so made, it appears that the property has sold
for a grossly inadequate consideration -- such as
twenty dollars for property worth ten or twelve
hundred dollars -- these circumstances would furnish
strong evidence, if not fully explained, from which
a jury would infer fraud. . . ."

Honorable A. E. Sutton, page 6

We feel that notices for sales to be held under the above quoted portion of Article 7345b(9) should designate a time for the sale which conforms with the time prescribed by statute; consequently, we feel that your notice is defective in this respect.

You will notice that a taxing unit may sell the property in the method prescribed in the quoted portion of Article 7345b(9) only "upon written request from any taxing unit who has obtained a judgment in said suit." While the statute does not specifically require that the notice of sale state that such request has been made, we feel that the inclusion of this statement in the notice of sale is advisable.

Likewise, you will notice that Article 7328 and the quoted portion of Article 7345b(9) require a sale at the "principal entrance" of the courthouse, while your notice speaks of a sale "at the courthouse door." In the event that your courthouse has more than one entrance, we feel that it would be prudent to describe in greater detail the door which is in fact the principal entrance.

Trusting that the foregoing satisfactorily answers your inquiry, we are

                            Yours very truly

                            ATTORNEY GENERAL OF TEXAS

                    By  R. Dean Moorhead

                            R. Dean Moorhead
                            Assistant

ATTORNEY GENERAL OF TEXAS

RDM:fo
Encl.

OPINION
COMMITTEE
BY